# DAYTON GYMNASTIC CLUB, Appellant, v. BOARD OF LIQUOR CONTROL et, Appellees.

Common Pleas Court, Franklin County.

No. 186022.   Decided March 24, 1953.

Harry B. Solimano, Dayton, for appellant.
C. William O'Neill, Atty. Genl., Columbus, for appellee.

## OPINION

By BARTLETT, J.

BOARD OF LIQUOR CONTROL ORDER (SUSPENDING D-4 PERMIT) REVERSED.

This is an appeal under §154-73 GC, seeking a reversal of an order of the Board of Liquor Control suspending the D-4 Permit of appellant for thirty days, for violation of the General Code and Regulation 53 of said Board, on a finding that said Permit Holder on or about the 4th day of June 1952, had.

exhibited or used on its said premises Bingo cards which might be used for gaming or wagering on chances of a contest; and that said Permit Holder conducted the playing of Bingo for money on said premises.

The Dayton Gymnastic Club, an old time athletic club, was founded in 1879 and has just completed its new home costing $300,000.00. This club promotes boxing, wrestling, baseball, basket ball; and its pet project is aid to under-privileged children. In recent years, the profits from its operation of Bingo, have been devoted to this charitable program; and the club has raised upwards of $30,000.00 for this purpose.

In the case of **State v. Parker, 150 Oh St 22,** the Common Pleas Court of Summit County, sustained a demurrer to the indictment brought under **§13064 GC,** prohibiting a person, "for his own profit," from promoting a lottery or scheme of chance, because the indictment did not contain the essential allegation that such lottery or scheme of chance was "for his own profit"; and the Supreme Court of Ohio in a per curiam opinion, upheld that decision. The same reasoning would apply to **§13063 GC,** which prohibits selling or disposing of a ticket or device representing an interest in a lottery or scheme of chance, "for his own profit."

The Court of Appeals of the Second District, recently held in the case of The City of Columbus v. Clarissa Barr, No. 4815, that Ordinance 1089-1 of said city was in conflict with **§13064 GC,** because the ordinance omits the words "for his own profit" which said words are contained in said section of the code; and, therefore, said ordinance was unconstitutional and void, under **Section 3, Article XVIII of the Constitution of Ohio.**

The Columbus ordinance, Sec. 1089-1 provided substantially that:

"Whoever shall have in his possession, * * * any ticket * * * designed or intended to be used in the process of making, paying, * * * an interest in a lottery, policy or scheme of chance, by whatever name, * * * shall be guilty of a misdemeanor * * *."

The second section of Rule 53 of the Board of Liquor Control provides in substancce that:

"No person authorized to sell alcoholic beverages, shall * * * possess, * * * upon or about the premises of the permit holder, any * * * tickets * * * which may or can be used for gaming or wagering, * * * chances on the result of any contest, or allow or conduct gaming or wagering on such premises or any game of chance or skill."

The Court of Appeals in the case of City of Columbus v. Barr, supra, said:

"The test to determine if an ordinance is in violation of general law, is * * * does the ordinance forbid that which the statute permits? In our judgment, ordinance 1089-1 is clearly in conflict with §13064 GC when its operative effect is considered. **State, ex rel. v. Carran, 133 Oh St 53,**"
citing also, vice versa, **Village of Struthers v. Sokoc, 108 Oh St 263, 2nd Syl.**

The Court of Appeals case, supra, further observes:

"By the general law the carrying on of a game of keno (bingo) in all of its constituent parts is not a criminal offense unless it is carried on for profit. The practical effect of §13064 GC is to permit the play of the game of keno (bingo), if not for profit, without any liability for criminal prosecution."

The Court of Appeals says further:

"In the factual situation presented in this case if the ordinance upon which the prosecution is based is supported the effect will be to declare acts which are but parts of the lottery, keno (bingo), to be a crime when the conduct of the game in all of its parts would not be a statutory offense."

It should be observed that the constitutional provision prohibiting lotteries provides no penalty therefor. It is left to the State Legislature to impose the penalty or not as it sees fit. If the council of a municipality like the City of Columbus, cannot supply the penalty where it has been omitted by the General Assembly, it would appear without question, that an administrative Board has no such authority. The function of supplying penalties for violations of statutes or ordinances prohibiting certain acts, is legislative, the City Council is endowed with the power of legislating but the Board of Liquor Control does not possess the power to legislate; in fact, the Board is a mere creature of the General Assembly.

The Court of Appeals having declared in the case of City of Columbus v. Barr, supra, that the city ordinance was void and unconstitutional because in conflict with the general law of the state, since the ordinance omits the words "for his own profit" which said words are contained in §13064 GC, it naturally follows that Regulation 53, having omitted the words "for his own profit," is also void, being in conflict with general law.

Under §154-73 GC,

"The court may affirm the order of the agency complained of in the appeal, if it finds upon consideration of the entire record * * * that the order is supported by reliable, probative and substantial evidence and is in accordance with law.

In the absence of such a finding by the court, it may reverse, vacate or modify the order * * *."

This court is unable to make such a finding upon a consideration of the entire record and the law governing the subject matter in question on appeal; and it is, therefore, ordered that the appeal be sustained, and the order of the Board of Liquor Control, suspending the permit of appellant, is hereby set aside.

Entry to be drawn accordingly with leave to save exceptions for said Board.